F. Anthony Edwards & Sharon de Edwards
In Pro Se
434 Iron Club Drive
Brentwood, CA 94513
Ph. No. 925.788.4850
Fax 925.281.0265

FILED
2014 JUN 20 A 10: 14
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

F. Anthony Edwards and
Sharon de Edwards,

        Plaintiffs,

vs.

Internal Revenue Services and Adam M. Nolan, Revenue Agent of the IRS,

        Defendant

Case No.: **C14- 2852**

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL

## GENERAL ALLEGATIONS

1. This case challenges the constitutionality of Defendant(s) action depriving Plaintiffs of their constitutional right to have a hearing before being deprived of their property and livelihood by closure of their Medical Office, to be justly compensated for their property if it is taken, and the right of Plaintiff, Sharon de Edwards to engage in her trade and to earn a living in an occupation of her choice. These rights are guaranteed by the Due Process clause of the Fifth and Fourteenth Amendment of the U.S. Constitution, inclusive of the Bill of Rights.

2. Plaintiffs are husband and wife, owning and managing a Medical Office,

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 1

with the wife being the physician, providing obstetrics and gynecological care to an underserved community.

3. Plaintiffs refinanced their home to use their equity to pay their taxes. Unfortunately, the Escrow Company and Title Company ("Perpetrators") doing the refinance perpetrated a scam to obtain Plaintiffs home with as little money as possible while leaving the tax liens unpaid.

4. Defendant(s) then sued Plaintiffs to reduce their tax liens to judgment, with the parties entering into a stipulated judgment requiring payment of $9,000.00 per month, and signing a short term agreement suspending all levies while Plaintiffs pursued their claim against the perpetrators.

5. In pursuing their claim against the Perpetrators, Plaintiffs incurred significant legal expenses and costs, which caused them to make monthly payments averaging $5,000.00 per month instead of the $9,000.00, per month required by the judgment, and to fall behind in paying some of their current tax liabilities.

6. Defendant(s) now seek to close Plaintiffs Medical Practice for allegedly defaulting on the judgment by accelerating the total amount of the judgment and "force" Plaintiffs into seeking employment with others. Plaintiffs seek to protect their Due Process property rights, protect their livelihood and vindicate their right to practice their trade and earn a living without being subjected to the unconstitutionally arbitrary, capricious and unreasonable action of Defendant(s), by this Court's ruling that

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 2

Defendant(s) announced action is unconstitutional, invalid, and unenforceable, that Defendant(s) are estopped from implemented their announced action, and by this Court issuing temporary restraint and permanent injunction against the action announced by Defendant(s).

## JURISDICTION AND VENUE

7. Plaintiffs allege deprivation of rights secured by the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution as protected by 42 U.S.C. § 1983, and the Bill of Rights. Jurisdiction over their claims is vested in this Court by 28 U.S.C. §§ 1331, and by this Court reserving jurisdiction on the judgment, with concurrent pendant jurisdiction on the State claim.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) on grounds that some or all of the events at issue took place in this District while Plaintiffs resided here.

## DECLARATORY RELIEF ALLEGATIONS

9. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

10. An actual and substantial controversy exist between Plaintiffs And Defendant(s) as to their respective rights and duties. Plaintiffs contend that both and its face and as applied to Plaintiffs, the announced enforcement action violate the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution and 42

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 3

U.S.C. § 1983, inclusive of the Bill of Rights. On all counts, Defendant(s) contend otherwise.

11. Further, if Defendant(s) are allowed to close Plaintiffs' Medical Office, Depriving Plaintiffs of their livelihood, Plaintiffs should be justly compensated in the amount of $3,250,000.00, the value of the Medical Office.

12. Accordingly, declaratory relief pursuant to 28 U.S.C. § 2201 is appropriate.

**TEMPORARY RESTRAINT AND INJUNCTIVE RELIEF ALLEGATIONS**

13. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

14. On February 27, 2014, Defendant(s) sent a letter to Plaintiffs, demanding payments of $573,781.49, by June 29, 2014, or they will institute enforcement action against Plaintiffs and their business by closing the Medical Office.

15. On June 2, 2014, Plaintiffs sent their letter to Defendant(s) offering to pay the remainder of their current taxes and to have the tax levies remain in place as is, until the litigation resolves, at which time the balance of the judgment would be paid in full.

16. Defendant(s) rejected Plaintiffs offer, advising that they will institute Enforcement action against Plaintiffs by closing their Medical Office on June 29, 2014.

17. Defendant(s) announced enforcement action against Plaintiffs is in violation

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 4

of the Fifth and Fourteenth Amendments of the U.S. Constitution, inclusive the Bill of Rights and is an unjust taking without compensation, in that it deprives Plaintiffs of their property, their livelihood, their right to engage in trade and their right to earn a living in the occupation of their choice, without a hearing, in addition to being arbitrary, capricious, and unreasonable.

18. If not restrained by this Court, Plaintiffs will be deprived of their livelihood, will lose their Medical Office that took years to build and nurture with a going-concern value of $3,250,000.00, without a hearing and without just compensation. This announced enforcement action will cause Plaintiffs to suffer irreparable injury, including but not limited to, loss of business and deprivation of livelihood. Plaintiffs have no plain, speedy, and adequate remedy at law for such an injury.

19. Accordingly, temporary restraint and injunctive relief pursuant to the Fifth and Fourteenth Amendments to the U.S. Constitution, to 42 U.S.C. § 1983 and other authority is appropriate.

### CLAIM FOR CONSTITUTIONALLY PROTECTED RELIEF
### (DUE PROCESS OF LAW;
### U.S. CONST. AMEND. V AND XIV & U.S.C. § 1983)

20. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

21. Defendant(s) enforcement action will cause irreparable harm to Plaintiffs in

```
COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 5
```

that it will close Plaintiffs' Medical Office, depriving them of their constitutionally protected rights to their property and livelihood, without just compensation and without a hearing, in an arbitrary, capricious and unreasonable manner.

22. The deprivation of constitutional rights has been found to constitute irreparable harm sufficient to require immediate relief.

23. An actual controversy exist between the parties, and Plaintiffs will suffer irreparable harm unless Defendant(s) enforcement action is declared unlawful and enjoined by this Court.

## CLAIM FOR EQUITABLE ESTOPPEL RELIEF

24. Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

25. Defendant(s) and Plaintiffs entered into an agreement to release all levies, so that Plaintiffs could pursue and litigate their claim against the Perpetrators.

26. The agreement called for Plaintiffs to make payments of $9,000.00 per month and Plaintiffs initially complied with its terms, while litigating their claims.

27. Litigation of Plaintiffs claims became extended and Plaintiffs began paying and has continued to pay $5,000.00, per month instead of $9,000.00, because of the increased costs and expenses of litigating the claims.

28. Plaintiffs reasonably believed that Defendant(s) would wait until the

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 6

conclusion of the litigation of their claims against the Perpetrators who committed fraud by not submitting request for payoff demands for tax liens of record to the IRS during refinancing, leaving due and delinquent taxes unpaid. The parties did not anticipate that litigation against the Perpetrators would go on for four years or longer.

29.  Accordingly, equitable estoppel of Defendant(s) announced enforcement action is appropriate.

WHEREFORE, Plaintiffs respectfully request relief as follows:

(1) To enter a declaratory judgment that Defendant(s) enforcement action violates the Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983, and the Bill of Rights;

(2) To enter a declaratory judgment that Defendant(s) are equitably estopped from instituting enforcement action against Plaintiffs;

(3) To permanently enjoin Defendant(s) and their agents, representative and employees from instituting any enforcement action against Plaintiffs, and to implement the following:

   a. Plaintiffs are to pay $100,000.00, per year in twelve monthly installments on the judgment until fully paid with all legal interest thereon.

   b. Defendant(s) are to immediately release all levies so that Plaintiffs can make the required monthly installments, with the installment payments commencing within thirty days of the release of all levies.

COMPLAINT
CIVIL RIGHTS ACTION
(42 U.S.C § 1983) DECLARATORY JUDGMENT,
INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 7

c. Defendant(s) shall release and recall all recorded tax liens as they are paid by Plaintiffs.

## VERIFICATION

We, Fernando Anthony Edwards and Sharon de Edwards are the Plaintiffs in the above cause of action. We have read the Complaint and are familiar with the facts stated therein. Based on our knowledge, we certify that the factual allegations in the Complaint are true.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 6/19/14

F. Anthony Edwards

Dated: 6/19/14

Sharon de Edwards

COMPLAINT

CIVIL RIGHTS ACTION

(42 U.S.C § 1983) DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND EQUITABLE ESTOPPEL - 8